IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELMORE S. WELCH, JR.,          :

      Plaintiff,             :

vs.                            : CIVIL ACTION NO. 13-00170-WS-B

CAROLYN W. COLVIN,             :

      Defendant.             :

## Report and Recommendation[1]

This action is before the Court on review[2]. In an Order dated May 16, 2013 (Doc. 3), Plaintiff, who is seeking to proceed in forma pauperis, was directed to file an amended complaint that states a cognizable claim. In response, Plaintiff's filed a document titled "Motion Court of Following" and other attachments (Doc. 4). Upon careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

**I. Background**

Plaintiff Elmore S. Welch, Jr., who is proceeding pro se, filed the instant action against Carolyn Colvin, Commissioner of

---

[1] The original Order should have been styled as a Report and Recommendation.

[2] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

Social Security.  In filing this action, Plaintiff submitted a series of letters that he presumably wrote to various federal governmental entities. (Doc. 1).  As best the Court can discern from the letters, Welch appears to contend that his former employer failed to pay his "medical insurance", "medicare" and "medcaid" and that the Social Security Administration has failed to force his former employer to pay these benefits due him. (Id.).  In the Court's Order dated May 16, 2013 (Doc. 3), Plaintiff was directed to file an amended complaint because his original filing was nonsensical and did not provide either the Court or Defendant with fair notice of the grounds upon which Plaintiff's claims are based.  Plaintiff was cautioned that if he failed to follow the Court's directive and did not file an amended complaint containing a cognizable claim, this action would be dismissed for failure to state a claim upon which relief can be granted.

In response to the Court's Order, Plaintiff filed a two page document styled "Motion Court of Following" (Doc. 4 at 1-2), correspondence from the Social Security Administration dated November 5, 2012 (Doc. 4 at 4-6) and other documents presumably authored by Plaintiff (Doc. 4 at 7-21).  In the document styled "Motion Court of Following", Plaintiff takes issue with the undersigned's ruling against him in an earlier action that he

brought against his former employer[3]. In the document, Plaintiff also asserts that the Social Security Administration has never contacted him regarding his "Contract Policy" with his former employer. The Social Security correspondence dated November 5, 2012 is notification that "[t]he State of Alabama will pay [Plaintiff's] Medicare medical insurance premium beginning October 2012" and further advises Plaintiff that he will be refunded a $199.80 premium payment. (Doc. 4 at 4). Additionally, Plaintiff has included a letter dated December 15, 2012 that he purportedly send to the Social Security Administration. (Doc. 4 at 3). In the letter, Plaintiff complains that the Social Security Administration failed to force his former employer to honor a "contract policy" that provides $1240 in monthly benefits for him.

## II. Discussion

Because Plaintiff is seeking to proceed in forma pauperis, his complaint and amended complaint (Docs. 1, 4) must be reviewed under 28 U.S.C. § 1915(e)(2)(B).[4] Under §

---

[3] See Elmore Welch v. Comcar Industries, et al, Case No. 13-00281-B.

[4] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001), cert. denied, 534 U.S. 1044, 122 S. Ct. 624, 151 L. Ed. 2d 545 (2001). However, dismissal is now mandatory under §1915(e)(2)(B). Id., 251 F.3d at 1348-49.

3

1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id., 490 U.S. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (quotations marks and second brackets in original).  While Rule 8(a) of the Federal Rules of

Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, supra; see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863, 110 S. Ct. 180, 107 L. Ed. 2d 135 (1989).

In this case, Plaintiff was advised that his original complaint was deficient because it failed to state a cognizable

5

claim and he was afforded an opportunity to file an amended complaint. In response to the Court's directive to file an amended complaint, Plaintiff essentially argues that the Social Security Administration has failed to enforce a "contract policy" between him and his former employer. According to Plaintiff, his former employer deducted premiums from his wages for medical insurance, term life insurance and disability income protection, and should now be forced to pay him $1240 in benefits.[5] (Doc. 1 at 1; Doc. 4 at 3). Plaintiff however has cited no authority and the Court is unaware of any authority that imposes upon the Social Security Administration an obligation to enforce private contracts. Accordingly, Plaintiff's claim in this action is not cognizable and is due to be dismissed for failure to state a claim upon which relief can be granted. Shaarby v. Palm Beach County Jail, 350 Fed. App'x 359, 2009 U.S. App. Lexis 23404 (11th Cir. 2009) (28 U.S.C. § 1915(e)(2)(B)(ii) mandates that the district court dismiss an in forma pauperis action if it determines that the action "fails to

---

[5] Plaintiff cites Section 125 of the Internal Revenue Code in support of his claim for increased benefits. (Doc. 4 at 3). 26 U.S.C. § 125 addresses "cafeteria plans". A cafeteria plan created under 26 U.S.C. § 125 "means a written plan under which . . . all participants are employees, and . . . the participants may choose among 2 or more benefits consisting of cash and qualified benefits." § 125(d)(1). While this code provision addresses a specific type of employer-created benefits, it imposes no obligation on the Social Security Administration to enforce rights allegedly created under the provision.

state a claim on which relief may be granted."). Because Plaintiff has been afforded an opportunity to correct his pleading deficiencies, but has failed to do so[6], the undersigned recommends that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted[7].

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that this action be dismissed pursuant to § 1915(e)(2)(B)(II) for failure to state a claim upon which relief can be granted.

---

[6] Plaintiff has filed a number of actions in this Court and has been repeatedly reminded of the pleading requirements. See e.g., Welch v. Darby, Civil Action 13-174-WS-C (Doc.2) (requiring plaintiff to file an amended complaint or face dismissal of his complaint without prejudice); Welch v. Darby, Civil Action 11-00595-WS-C (Docs. 3-1) (dismissed for failure to allege subject matter jurisdiction); Welch v. McCants, Civil Action No. 00-00326-P-D (Doc. 4) (dismissed for failure to allege subject matter jurisdiction or comply with Rule 8).

[7] While Plaintiff has not asserted that he is seeking to appeal an adverse decision of the Social Security Administration, the undersigned finds that to the extent Plaintiff is seeking to appeal the decision of the Social Security Administration dated November 5, 2012 (Doc. 4), Plaintiff has not alleged that he has exhausted his administrative remedies, nor has he provided any bases for an appeal. Thus, any purported appeal should likewise be dismissed for failure to state a claim.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **28th** day of **May, 2013.**

                                           **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**